Although the plaintiffs' claims would otherwise fall within the definition of a covered "claim" in the arbitration provision, the concluding sentence of that definition states, as the main opinion notes: "However, [this arbitration provision] does not apply to Claims asserted by you or on your behalf in a lawsuit that is pending on the Statement Date of the enclosed billing statement." As of the statement date on the respective billings sent the plaintiffs in March 2001, the plaintiffs were putative members of a national class action against Providian pending in California. They were still class members 45 days later when the arbitration provision became effective for each of them. The class was certified in the national class action on April 20, 2001, and on that date the California court approved a notice of the settlement of the class action. That notice was then mailed to the members of the class, including the plaintiffs, advising them that if they wished to opt out of the class, they could do so at any time up until July 23, 2001. The plaintiffs all opted out of the national class action at some point during July, before the deadline. Thus, until their opt-outs in July 2001, there were claims asserted on their behalf in an action that was pending on the statement date on their March 2001 billing statements. The plaintiffs, individually, in the present action now reassert those very same claims. The fact that this is a different action does not alter the fact that the claims are the same. I cannot agree that just because the plaintiffs opted out of the national class action in July 2001 and thereby ceased to be members of the national class action as of that time, it follows that they did not previously have claims asserted on their behalf (as putative class members) in an action that was pending as of the statement date on their respective billings. The term "on your behalf" necessarily includes class actions within its field of operation. *Page 630 
I find no ambiguity in the "exclusion" clause in question, and I read its straightforward text to state, as an integral feature of the proposed amendment to the credit-card agreement, that any claims being asserted on behalf of a customer in a class action pending on the statement date would not be considered to be a claim subject to arbitration.
JOHNSTONE and WOODALL, JJ., concur.